UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ELIAS ILYIA,<br><br>                Plaintiff,<br><br>    v.<br><br>MAROUN N. EL KHOURY, *et al.*,<br><br>                Defendants. | No. C11-1593RSL<br><br>ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER |

Plaintiff Elias Ilyia seeks a temporary order (a) sequestering and freezing defendants' assets and (b) appointing a custodial receiver to take charge of four companies, the ownership of which is disputed in the above-captioned matter. Plaintiff has not served defendants or otherwise provided notice of the motion. Having reviewed the papers submitted in this matter, the Court finds as follows:

In order to obtain preliminary injunctive relief without notice to the adverse party, plaintiff must provide "specific facts in an affidavit or a verified complaint clearly show[ing] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and an explanation of why notice should not be required. Fed. R. Civ. P. 65(b)(1). Plaintiff has not made the required showing: his complaint is not verified, nor has he provided the required affidavit. His claim of immediate and irreparable loss is based on counsel's assertion that defendants transferred $7 million from the

ORDER DENYING MOTION FOR
TEMPORARY RESTRAINING ORDER

companies to themselves on June 27, 2011, shortly after plaintiff broke with defendant Maroun N. El Khoury. Motion (Dkt. # 2) at 4. This assertion is unsworn, and the only evidence provided is a checking account statement that is not properly authenticated and does not, in and of itself, link the funds to the four companies at issue in this litigation. Even if the Court assumes that the anonymous handwritten notes on the statement are accurate, there is no evidence regarding the current management situation at the companies or whether defendant Maroun N. El Khoury retains the ability to unilaterally transfer company assets. It has been three months since the $7 million transfer occurred, and there is no indication that defendants have absconded or attempted to abscond with additional assets during that period. Plaintiff has therefore failed to clearly show that an immediate and irreparable loss will result if defendants are given notice of this lawsuit prior to consideration of plaintiff's request for preliminary injunctive relief.

For all of the foregoing reasons, plaintiff's motion for entry of a temporary restraining order without notice is DENIED without prejudice. Plaintiff may seek expedited preliminary relief after the complaint and summons are served on defendants.

Dated this 27th day of September, 2011.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION FOR
TEMPORARY RESTRAINING ORDER           -2-