UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                          )
ELIAS ILYIA,                              )    No. C11-1593RSL
                                          )
                    Plaintiff,            )
       v.                                 )    ORDER DENYING DEFENDANTS'
                                          )    MOTION TO DISMISS
MAROUN N. EL KHOURY, *et al.*,            )
                                          )
                    Defendants.           )
_____)

This matter comes before the Court on "Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6)." Dkt. # 17. On September 23, 2011, plaintiff Elias Ilyia filed a complaint seeking a declaration that a Durable General Power of Attorney and a Stock Purchase Agreement he executed in favor of defendant Maroun El Khoury are void. Plaintiff alleges that he lacked the capacity to enter into binding contracts in mid-2010 when the contracts were signed. Defendants argue that the complaint should be dismissed because (a) a request for declaratory judgment cannot stand alone and (b) plaintiff has failed to allege sufficient facts to show that he is entitled to such relief. Having reviewed the memoranda submitted by the parties, the Court finds as follows:

(a) Defendants concede that diversity jurisdiction exists. They argue, however, that plaintiff must assert an independent cause of action which, if proven, would invalidate the contracts before he can seek a declaration that the contracts are void. Defendants rely on a string of cases in which the dismissal of plaintiff's substantive claims (and/or the adverse factual

ORDER DENYING DEFENDANTS'
MOTION TO DISMISS

findings that underlie the dismissal) made it impossible for plaintiff to obtain declaratory or injunctive relief regarding the same subject.  There does not, however, appear to be any common law or statutory bar against filing a complaint that seeks only declaratory judgment.  In Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667 (1950), Phillips Petroleum sought a declaration under the Declaratory Judgment Act that its contract with a defendant remained in effect.  Once the Supreme Court assured itself that it had diversity jurisdiction over the parties, the fact that Phillips Petroleum sought only a declaration of its contractual rights was not a concern.  By enacting the Declaratory Judgment Act, the legislature expanded the relief that could be afforded by the federal courts to include recognition of a plaintiff's rights even if no immediate enforcement were requested.  Skelly Oil, 339 U.S. at 671-72.

(2) Without addressing any specific allegation in the complaint or evaluating the allegations as a whole, defendants move to dismiss under Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937 (2009).  Dkt. # 17 at 6.  Defendants do not identify any allegation that should be ignored as a legal conclusion.  Nor do they explain why plaintiff's story fails to raise a plausible entitlement to the relief requested.  Defendants have therefore failed to apply the Twombly/Iqbal analysis or otherwise show that the pleading is insufficient under Fed. R. Civ. P. 8(a).

In reply, defendants take issue with the sufficiency of plaintiff's fraud allegations under Fed. R. Civ. P. 9(b) (Dkt. # 37 at 3) and argue that the allegations cannot support a finding that there is a substantial controversy between the parties justifying declaratory judgment (Dkt. # 37 at 3-4).  Because these arguments were raised for the first time after plaintiff had filed his opposition to the motion, plaintiff was deprived of his opportunity to respond.  The arguments are, therefore, rejected as untimely raised.  Even if the Court were to consider them on their merits, plaintiff's cause of action does not necessarily rely on an allegation of fraud, and the complaint adequately shows a real and substantial dispute between the parties regarding the continuing control of various corporate entities.

ORDER DENYING DEFENDANTS'
MOTION TO DISMISS                              -2-

For all of the foregoing reasons, defendants' motion to dismiss is DENIED.

Dated this 14th day of December, 2011.

*[signature]*

Robert S. Lasnik
United States District Judge