1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                        )
8

ELIAS ILYIA,                            )          No. C11-1593RSL
9
                                        )
                      Plaintiff,        )
10             v.                       )          ORDER DENYING PLAINTIFF'S
                                        )          MOTION FOR PRELIMINARY
11    MAROUN N. EL KHOURY, *et al.*,     )          INJUNCTION
                                        )
12                    Defendants.       )
_____)

13

14          This matter comes before the Court on plaintiff's "*emergency* Motion for

15    Temporary Restraining Order, Preliminary Injunction, to Sequester Assets, and Appointment of

16    a Custodial Receiver."  Dkt. # 11 (italics in original).  Plaintiff Elias Ilyia alleges that his house

17    guest, defendant Maroun N. El Khoury, created an atmosphere of fear and intimidation to gain

18    control over plaintiff's four business interests.  Plaintiff asserts that he lacked the capacity to

19    enter into binding contracts in mid-2010 when he executed a Durable General Power of Attorney

20    and a Stock Purchase Agreement in favor of defendant.  The relief requested in the complaint

21    includes a declaration that the contracts are void, exclusion of defendant from the operations of

22    the four companies, a sequestration of all company assets (regardless of where they are currently

23    held), and the appointment of a custodial receiver to oversee the operations of the companies.

24

25

26

ORDER DENYING PLAINTIFFS' MOTION
FOR PRELIMINARY INJUNCTION

1
2
3
4
5

        In his motion for preliminary relief, plaintiff seeks "an order granting temporary

restraining order, preliminary injunction, and sequestering and freezing assets of [d]efendant,[1]

and appointing a custodial receiver to operate the businesses which are the subject of the sales

contract [p]laintiff seeks to have declared void . . . ."  Motion (Dkt. # 11) at 1.  Having reviewed

the memoranda, declarations,[2] and exhibits submitted by the parties,[3] the Court finds as follows:

6
7
8
9
10
11
12
13
14

        The only undisputed facts in this case are that plaintiff Elias Ilyia executed a

Durable General Power of Attorney and a Stock Purchase Agreement in favor of defendant

Maroun N. El Khoury in mid-2010.  Why plaintiff gave control of his personal finances and

companies to defendant, whether plaintiff was competent to contract at the time, and the parties'

relative abilities and intentions with regards to the companies are all hotly contested.  The

competing declarations provided by the parties suggest mutually-exclusive versions of events.

Plaintiff portrays defendant as an opportunistic (and rather dangerous) con-artist, while

defendant maintains that plaintiff was a floundering businessman in need of assistance which he

gratefully, and with full knowledge, accepted.  Upon a preliminary review of the record,

15

16
17
18
19

        [1]  Although the complaint seeks sequestration of assets belonging to the companies, plaintiff
requests a preliminary injunction that would prevent defendant from utilizing his own assets.  Plaintiff
offers no case law in support of this request.  Issuing an injunction "not to enjoin unlawful conduct, but
rather to render unlawful conduct that would otherwise be permissible, in order to protect the anticipated
judgment of the court," would contravene the traditional principles of equity jurisdiction.  Grupo
Mexicano de Desarollo, S.A. v. Alliance Bond Fund, Inc., 527 U.S. 308, 315 (1999).

20
21
22
23
24

        [2]  In reply, plaintiff provides two affidavits that go to the heart of his request for preliminary
injunctive relief.  Dkt. # 30 and # 31.  Plaintiff offers no explanation for why this evidence could not
have been presented with his motion.  By withholding the evidence until after defendants filed their
opposition to the motion, plaintiff deprived defendants of their opportunity to respond.  In most
instances, this evidence would be rejected as untimely.  Nevertheless, in the interest of giving plaintiff
every opportunity to show that preliminary relief is appropriate, the Court has considered these
affidavits.

25

        [3]  This matter can be decided on the papers submitted.  Plaintiff's request for oral argument is
DENIED.

26

ORDER DENYING PLAINTIFFS' MOTION
FOR PRELIMINARY INJUNCTION                -2-

defendants' version of events is better supported by admissible evidence and strikes the Court as more plausible.

In order to obtain preliminary injunctive relief, plaintiff must establish "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, 555 U.S. 7, 129 S. Ct. 365, 374 (2008). In addition, "serious questions going to the merits and a hardship balance that tips sharply towards the plaintiff can support issuance of an injunction, so long as the plaintiff also shows a likelihood of irreparable injury and that the injunction is in the public interest." Alliance for the Wild Rockies v. Cottrell, 622 F.3d 1045, 1053 (9th Cir. 2010) (internal quotation marks omitted).

The Court finds that plaintiff has not shown a likelihood of success on, or raised serious questions regarding, the validity of the underlying contracts. Although it appears that plaintiff was under a great deal of personal and professional stress in early 2010, his assertions that (a) the stress was attributable to defendant and (b) plaintiff was legally incapable of contracting are not borne out by the record. Having failed to establish his likelihood of success or the existence of serious questions, the Court will not provide relief unless and until plaintiff proves his claims.

For all of the foregoing reasons, plaintiff's motion for preliminary injunctive relief is DENIED. The parties are, however, expected to preserve all relevant documents and suspend routine document retention/destruction policies if necessary to achieve that goal. In re Napster, Inc. Copyright Litig., 462 F. Supp.2d 1060, 1070 (N.D. Cal. 2006); Consolidated Aluminum Corp. v. Alcoa, Inc., 244 F.R.D. 335, 342 (M.D. La. 2006).

ORDER DENYING PLAINTIFFS' MOTION
FOR PRELIMINARY INJUNCTION                    -3-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Dated this 16th day of December, 2011.

*Mrt S Lasnik*

Robert S. Lasnik
United States District Judge

ORDER DENYING PLAINTIFFS' MOTION
FOR PRELIMINARY INJUNCTION              -4-