UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                   )
ELIAS ILYIA,                       )   No. C11-1593RSL
                                   )
                  Plaintiff,       )
         v.                        )   ORDER GRANTING IN PART
                                   )   SOPHIE EL KHOURY'S MOTION
MAROUN N. EL KHOURY, *et al.*,     )   TO DISMISS
                                   )
                  Defendants.      )
_____)

This matter comes before the Court on "Defendants' Motion to Dismiss All Claims Against Sophie El Khoury." Dkt. # 58. Having reviewed the memoranda and declaration submitted by the parties, the Court finds as follows:

(1) Defendant Sophie El Khoury (hereinafter, "Sophie") seeks dismissal for lack of personal jurisdiction on the ground that she was never personally served with a copy of the summons and complaint. Sophie has already made a motion to dismiss under Rule 12, however, and may not make a second motion under that rule raising a defense that was available but omitted from the earlier motion. Fed. R. Civ. P. 12(g)(2). The lack of personal jurisdiction defense has been waived. Fed. R. Civ. P. 12(h)(1)(A).

(2) Plaintiff asserts four causes of action in his First Amended Verified Complaint (Dkt. # 47), namely declaratory judgment, fraud, breach of fiduciary duty, and conversion. Although he does not identify which claims are asserted against which defendants, plaintiff has clarified

ORDER GRANTING IN PART SOPHIE
EL KHOURY'S MOTION TO DISMISS

that only the fraud and conversion claims are asserted against Sophie.

(3) Sophie seeks dismissal of the fraud and conversion claims on the ground that plaintiff has failed to allege facts that give rise to a plausible claim for relief. In the context of a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the allegations of the complaint are accepted as true and construed in the light most favorable to plaintiff. In re Syntex Corp. Sec. Litig., 95 F.3d 922, 925-26 (9th Cir. 1996); LSO, Ltd. v. Stroh, 205 F.3d 1146, 1150 n.2 (9th Cir. 2000). The question for the Court is whether the well-pled facts in the complaint sufficiently state a "plausible" ground for relief. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Although a complaint need not provide detailed factual allegations, it must offer "more than labels and conclusions." Twombly, 550 U.S. at 555.

In Twombly, the Supreme Court considered an allegation that defendants had conspired to restrain trade in violation of § 1 of the Sherman Act. The Court determined that "a formulaic recitation of the elements of a cause of action" is conclusory and therefore not entitled to the presumption of truth that normally attaches to the allegations of a complaint in the 12(b)(6) context. Twombly, 550 U.S. at 555. See also Iqbal, 129 S. Ct. at 1951 (disregarding broad allegations of discriminatory intent in a Bivens action). The Court rejected the "no set of facts" language set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), on the ground that plaintiffs should not be allowed to assert claims in federal court based on nothing more than the prospect of unearthing supporting evidence during discovery. Twombly, 550 U.S. at 561-62. Construing Rule 8(a) anew, the Supreme Court imposed on plaintiffs the burden of pleading enough facts to raise a right to relief above the speculative level, such that the asserted claim is "plausible." Twombly, 550 U.S. at 555, 570.

In order to determine whether the allegations of a complaint "show[] that the pleader is entitled to relief" under Rule 8(a), the court now applies a two step process. First, the court must identify and disregard any allegations that are legal conclusions, as opposed to factual allegations. Unfortunately, the line between legal conclusion and factual allegation is not readily

apparent. Although allegations of conspiracy or animus have both factual and legal components, the specific holdings of Twombly and Iqbal suggest that such allegations should be disregarded if not supported by additional, more concrete, factual allegations.

In the second step of the analysis, the court must determine whether the factual allegations that remain give rise to a reasonable inference that the defendant is liable for the misconduct alleged. Twombly, 550 U.S. at 556; Iqbal, 129 S. Ct. at 1949. Although detailed factual allegations are not required, the allegations must be "suggestive enough to render [the claim] plausible." Twombly, 550 U.S. at 555-56. In order to determine whether a claim rises above the speculative and attains plausibility, courts must consider not only the pleadings and documents that are an integral part of the complaint, but also any "obvious alternative explanation" for defendant's conduct (Twombly, 550 U.S. at 567) based on the court's "judicial experience and common sense" (Iqbal, 129 S. Ct. at 1950). How many supporting facts are necessary to make a claim plausible in light of the other competing explanations must be decided on a case-by-case basis. Iqbal, 129 S. Ct. at 1950.

(4) Plaintiff's fraud claim against Sophie is based entirely on allegations that (a) plaintiff wired approximately $3.7 million to Sophie's Lebanese bank account in October 2009 (Dkt. # 47 at ¶ 7, ¶ 33, ¶ 35, and ¶ 40; Dkt. # 47, Ex. 1) and (b) Sophie participated in a conspiracy with her husband, defendant Maroun El Khoury, to defraud plaintiff (Dkt. # 47 at ¶ 19 and ¶ 32). There are no factual allegations from which one could infer that Sophie entered into an agreement with any other individual to misrepresent facts or otherwise defraud plaintiff out of his property. The bare allegations of conspiracy are therefore legal conclusions under Twombly and must be disregarded.

Standing alone, the fact that Sophie was the recipient of a wire transfer from one of plaintiff's companies does not give rise to a reasonable inference of fraud. Twombly, 550 U.S. at 556; Iqbal, 129 S. Ct. at 1949. Such an inference would be entirely speculative. There are no facts suggesting that Sophie knew the funds had been transferred at her husband's behest, that

ORDER GRANTING IN PART SOPHIE
EL KHOURY'S MOTION TO DISMISS            -3-

neither she nor her husband had any right to the funds, and/or that the funds were the result of a fraud committed by her husband. Plaintiff seems to be arguing that Sophie can be liable for fraud merely because she was the beneficiary thereof. Plaintiff's allegations are not "suggestive enough to render [his claim of fraud against Sophie] plausible." Twombly, 550 U.S. at 555-56.

(5) Sophie argues that, because she did not participate in the alleged fraud that separated plaintiff from his money, she cannot be liable for conversion. This argument is based on a misconstruction of the "willful interference" element of a conversion claim. The element does not require that defendant actively defraud plaintiff, steal from him, or otherwise run off with his money. Rather, a defendant can be liable for conversion of property if she refuses to return it upon demand, thereby willfully interfering with plaintiff's possession, even if the defendant was within her rights when she took possession in the first place. See Judkins v. Sadler-MacNeil, 61 Wn.2d 1, 4 (1962) (where defendant had the right to take possession of the property, "the basis of recovery, if any, was the defendants' refusal to deliver to the plaintiff his personal belongings after demand therefor."). See also Pub. Util. Dist. No. 1 v. Wash. Pub. Power Supply Sys., 104 Wn.2d 353, 378 (1995) (conversion of money occurs where either the money was wrongfully received by defendant or "such party was under obligation to return the specific money to the party claiming it"). Although ¶¶ 48-50 are little more than a formulaic recitation of the elements of a conversion claim, viewing the allegations of the First Amended Complaint as a whole, the Court finds that plaintiff has raised a plausible claim of conversion against Sophie.

For all of the foregoing reasons, defendant Sophie El Khoury's motion to dismiss is GRANTED in part and DENIED in part. Plaintiff's fraud claim against Sophie is DISMISSED. Plaintiff may, however, proceed on his conversion claim against this defendant.

Dated this 25th day of May, 2012.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge