UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ELIAS ILYIA,

    Plaintiff,

    v.

MAROUN EL KHOURY and SOPHIE JALBERT EL KHOURY,

    Defendants.

Case No. C11-1593RSL

ORDER GRANTING MOTION FOR RECONSIDERATION AND ESTABLISHING DEADLINE FOR SERVICE

        On May 25, 2012, the Court granted in part defendant Sophie El Khoury's motion to dismiss, but found that defendant had waived her objections related to plaintiff's failure to serve the summons and complaint. Defendant filed a timely motion for reconsideration in which she asserts that her service objections were not ripe, and therefore were not available, when she filed her first motion to dismiss on October 6, 2011. Dkt. # 74.

        Defendant's argument has merit, and her motion for reconsideration is GRANTED: defendant has not waived the defense of insufficiency of service. Sophie has not, however, shown that she is entitled to dismissal of the claims against her. Although the Court has very little in the way of admissible evidence, it appears that Sophie is a resident of Lebanon who is sometimes present within this judicial district.

Depending on where Sophie is found, plaintiff may be able to serve her under Fed. R. Civ. P. 4(e) or 4(f). Because the 120-day time limit for service imposed by Rule 4(m) does not apply to service in a foreign country, defendant has not shown that dismissal for insufficient service is justified at this point in time.

Plaintiff has filed a motion seeking a declaration that his efforts to serve Sophie, combined with her actual knowledge of the lawsuit against her, provide all the process that is due under the United States Constitution. While actual notice is not contested, plaintiff has not provided any evidence from which the Court could conclude that reasonable efforts at proper service have been made. What efforts plaintiff has made to ascertain Sophie's Lebanon address, whether service under an international agreement has been attempted, how much time Sophie spends in the United States, whether her husband's house could be considered her dwelling or usual place of abode under state law, whether service was attempted on Sophie at her husband's abode, and whether Sophie is deliberately evading service cannot be ascertained from the existing records.

For all of the foregoing reasons, the Court finds that Sophie El Khoury has not waived her insufficiency of service defense, that the time for service has not yet expired, and that plaintiff has not shown good cause for alternative service. Defendants' motion for reconsideration (Dkt. # 74) is GRANTED, and plaintiff's motion for alternative service (Dkt. # 77)[1] is DENIED. In addition, the Court finds that some deadline is necessary for service, lest this litigation stall with regards to the claims against Sophie. Service shall be accomplished on or before September 27, 2012, unless

---

[1] Defendants' procedural objection to the motion for alternative service is not factually accurate. Plaintiff filed his motion on June 17, 2012, and noted it on the fifth Friday after filing.

ORDER GRANTING MOTION FOR
RECONSIDERATION AND
ESTABLISHING DEADLINE FOR SERVICE   -2-

1 | plaintiff shows good cause for the failure to do so.[2]

3 | Dated this 27th day of July, 2012.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

---

[2] The Court notes that plaintiff filed a "Proof of Service of Summons and Complaint" regarding Sophie on July 5, 2012. Neither party withdrew their then-pending motion, however.

ORDER GRANTING MOTION FOR
RECONSIDERATION AND
ESTABLISHING DEADLINE FOR SERVICE   -3-