UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ELIAS ILYIA,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>MAROUN EL KHOURY and SOPHIE JALBERT EL KHOURY,<br><br>　　　　　Defendants. | Case No. C11-1593RSL<br><br>ORDER DISMISSING DEFENDANT SOPHIE EL KHOURY FOR LACK OF SERVICE |

　　This matter comes before the Court on defendant Sophie El Khoury's "Motion to Dismiss for Lack of Service." Dkt. # 93. Ms. El Khoury claims that plaintiff has failed to serve her with a summons and complaint and that the deadline to do so has passed. This Court agrees and grants Ms. El Khoury's motion for dismissal.

　　Once service has been challenged, plaintiffs bear the burden of establishing that service was valid under the Federal Rules of Civil Procedure. Brockmeyer v. May, 383 F.3d 798, 801 (9th Cir. 2004). Service is a requirement in order for a district court to assume personal jurisdiction over a defendant. Benny v. Pipes, 799 F.2d 489, 492 (9th Cir. 1986). "Neither actual

ORDER DISMISSING SOPHIE EL
KHOURY FOR LACK OF SERVICE - 1

notice nor naming the defendant in the complaint provides personal jurisdiction without substantial compliance with Rule 4." Id.

The rules for international service are set forth in Rule 4(f). The question before the Court is whether plaintiff has proven that he substantially complied with Rule 4(f)(2)(C)(i),[1] which allows service by "delivering a copy of the summons and of the complaint to the individual personally" unless "prohibited by the foreign country's law." Fed. R. Civ. P. 4(f)(2)(C)(i).

Plaintiff's Lebanese counsel, Ali Mansour, claims to have personally served defendant Ms. El Khoury on June 30, 2012, in the interrogation room at the police station in Jouneih, Lebanon. Decl. of Ali Mansour, Dkt. # 99-2, at 2. The Court finds the legal and factual support for this claim inadequate to demonstrate substantial compliance with the federal rules of service.

As regards the legality of the service, the record does not establish that Lebanese law permits opposing counsel to personally serve a defendant who is represented by counsel. According to a declaration by Ms. El Khoury's Lebanese counsel, "the law prohibits an attorney from speak [sic] directly with a represented party," and personal service by opposing counsel "would have been an improper ex parte contact on his part." Decl. of Samer Hajj, Dkt. # 97, at ¶8. In response, Lebanese counsel Ali Mansour asserts that "[t]here is no statutory provision preventing me from serving the Defendant Sophie El Khoury with service of process in a suit filed against her in the United States." Decl. of Ali Mansour, Dkt. # 99-2, at ¶10. This assertion ignores the plain language of Rule 4(f), which clearly states that service may be completed by personally delivering a copy of the summons and complaint *"unless prohibited by the foreign country's law."* Fed. R. Civ. P. 4(f)(2)(C)(i) (emphasis added). The Court holds that the plaintiff has failed to meet his burden of showing that service in this manner comports with Lebanese law.

---

[1] The other provisions of Rule 4(f) do not apply because plaintiff claims that Ms. El Khoury was personally served, and the U.S. does not have an applicable international service treaty with Lebanon, where Ms. El Khoury currently resides.

ORDER DISMISSING SOPHIE EL
KHOURY FOR LACK OF SERVICE - 2

1    Moreover, plaintiff has not sufficiently established a factual record to demonstrate that
2 service was completed in the manner described. Mr. Mansour claims to have served Ms. El
3 Khoury on June 30, 2012, following a police interrogation in Lebanon. Ms. El Khoury allegedly
4 accepted the service and was reviewing the papers when her husband "angrily forced her to not
5 receive the papers," and she "threw the papers onto the table in front of her." Decl. of Ali
6 Mansour, Dkt. # 99-2, ¶¶7–8. During this time, Ms. El Khoury's translator had allegedly left the
7 room and was not present to witness these events. Id. at ¶9. In support of this claim, plaintiff
8 submits a document entitled Proof of Service of Summons and Complaint, Dkt. # 99-6, which
9 was signed by Mr. Mansour.

10   In direct conflict with Mr. Mansour's declaration and signed Proof of Service, the
11 defendant submits multiple declarations averring that Ms. El Khoury was not in fact served on
12 June 30, 2012, at the police station in Jouneih, Lebanon. According to these declarations, Ms. El
13 Khoury was accompanied at all times by her translator, and Mr. Mansour never spoke directly to
14 Ms. El Khoury or gave her any written materials. Decl. of Hanna Louis, Dkt. # 94, at 4; Decl. of
15 Maroun El Khoury, Dkt. # 96, at 2–3; Decl. of Samer Hajj, Dkt. # 97, at 2–3; Decl. of Sophie El
16 Khoury, Dkt. # 98, at 3.

17   The conflicting versions of these events cannot both be true. Mr. Mansour is outnumbered
18 by witnesses who say that Ms. El Khoury was never served in the manner described. One of
19 these witnesses, Hanna Louis, appears to have only served as a translator during the police
20 interrogation and is not otherwise invested in the outcome of the case. Decl. of Hanna Louis,
21 Dkt. # 94, at 3. In contrast, Mr. Mansour is an interested party insofar as he is plaintiff's
22 Lebanese counsel. Having reviewed the record established by both parties, the Court finds that
23 service was not completed on June 30, 2012, in Lebanon as described by plaintiff.

24   In its previous Order Granting Motion for Reconsideration and Establishing Deadline for
25 Service, Dkt. # 83, this Court gave the plaintiff notice that he had until September 27, 2012, to
26 serve Ms. El Khoury with a summons and complaint. Plaintiff was further notified by defense

ORDER DISMISSING SOPHIE EL
KHOURY FOR LACK OF SERVICE - 3

counsel on August 3, 2012, that the purported service on June 30, 2012, did not occur and would be challenged in this Court. Decl. of Michael Patterson, Dkt. # 95, at Ex. 1. Now, more than one year after this case was initiated, and despite repeated notice that the plaintiff must serve Ms. El Khoury according to the Federal Rules of Civil Procedure, the Court finds that the plaintiff has failed to do so.

For all of the foregoing reasons, defendant's motion to dismiss Sophie El Khoury for lack of service is GRANTED.

Dated this 7th day of December, 2012.

*MW S Lasnik*

Robert S. Lasnik
United States District Judge

ORDER DISMISSING SOPHIE EL
KHOURY FOR LACK OF SERVICE - 4