UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
ELIAS ILYIA,                                      )   No. C11-1593RSL
                                                          )
                Plaintiff,              )
                                                          )
      v.                                             )   ORDER DENYING DEFENDANT'S
                                                          )   MOTION FOR SUMMARY
MAROUN N. EL KHOURY, *et al.*,      )   JUDGMENT
                                                          )
                Defendants.          )
_____)

This matter comes before the Court on "Defendant's Motion for Summary Judgment." Dkt. # 129. After reviewing the memoranda, declarations, and exhibits originally submitted, the Court found that there were genuine issues of material fact regarding motive and capacity that had to be determined before one could decide whether defendant was a knight in shining armor or a dastardly con-artist. Nevertheless, it was unclear whether plaintiff's interpretation of the events and evidence, even if accepted as true, would justify the various forms of relief requested in the First Amended Verified Compliant. The Court therefore requested supplemental briefing. Having reviewed the additional briefing and the original submissions, the Court finds as follows:

ORDER DENYING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT

**A.  Declaration that the Durable Power of Attorney and the Stock Purchase Agreement were void *ab initio***

Although there may not be evidence from which a reasonable jury could conclude that plaintiff lacked sufficient mental capacity to understand the nature of the challenged transactions, there is a genuine issue of fact regarding whether he was left to exercise his own free will in the matter.  See In re Estate of Lint, 135 Wn.2d 518, 535 (1998) ("[I]nfluence which at the time of the testamentary act, controlled the volition of the testator, interfered with his free will, and prevented an exercise of his judgment and choice" will void a will); Page v. Prudential Life Ins. Co. of Am., 12 Wn.2d 101, 108 (1942) (quoting 17 C.J.S. Contracts § 133 for the proposition that a contract will not be invalidated "[w]here a person possess sufficient mental capacity to understand the nature of the transaction and is left to exercise his own free will").  If plaintiff is able to show by clear, cogent, and convincing evidence that defendant controlled plaintiff's volition, interfered with his free will, procured agreement through undue influence, or otherwise prevented an exercise of judgment and choice in signing the Durable Power of Attorney and/or the Stock Purchase Agreement, the contracts may be avoided.

**B.  Invalidation of transfers of funds, personal property, and businesses for fraud**

Taking the evidence in the light most favorable to plaintiff, a reasonable jury could find by clear, cogent, and convincing evidence that defendant engaged in fraud in order to obtain control of plaintiff's money and businesses.  In particular, plaintiff has provided evidence that defendant falsely asserted that there was an assassination plot against plaintiff and his wife, that plaintiff's wife was cheating on him, and that the businesses were in danger of being shuttered, that defendant knew these assertions were false (or at least grossly exaggerated), that he made these misrepresentations for the purpose of isolating plaintiff and increasing his dependence on defendant, that defendant intended to induce plaintiff's reliance, and that, given the circumstances, plaintiff justifiably relied to his detriment.  See In re Estate of Lint, 135 Wn.2d at

ORDER DENYING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT         -2-

533-35.  If plaintiff is able to establish the nine elements of his fraud claim, he would be entitled to recover damages compensating him for his losses, including the amounts distributed at defendant's behest to defendant's wife and sisters.

### C.  Breach of fiduciary duties

Plaintiff argues that a fiduciary duty arises "whenever one man trusts in and relies upon another." Supplemental Memorandum (Dkt. # 172) at 9 (quoting U.S. v. Reed, 601 F. Supp. 685, 707 (S.D.N.Y. 1985)).  Plaintiff offers no reason to suspect that Reed's analysis of what constitutes the functional equivalent of a fiduciary relationship under New York law would be accepted here in Washington.  In fact, Reed's "expansive construction of relationships of trust and confidence" was limited in U.S. v. Chestman, 947 F.2d 551, 567-69 (2nd Cir. 1991), which noted that more than the gratuitous or unilateral reposal of trust in another is required to establish a fiduciary relationship or to impose fiduciary duties on the recipient.

Participants in a business transaction in Washington generally deal with each other at arm's length, having no particular duty to disclose facts nor any particular right to rely on the statements of the other party.  Liebergesell v. Evans, 93 Wn.2d 881, 889 (1980).  "A simple reposing of trust and confidence in the integrity of another does not alone make of the latter a fiduciary.  There must be additional circumstances, or a relationship that induced the trusting party to relax the care and vigilance which he would ordinarily exercise for his own protection." Moon v. Phipps, 67 Wn.2d 948, 954 (1966).  In some instances, a fiduciary relationship arises as a matter of law because the nature of the relationship – such as that between an attorney and client, a guardian and ward, or a trustee and beneficiary – is such that the principal is entitled to expect that his welfare will be protected.  See Annechino v. Worthy, 175 Wn.2d 630, 636 (2012); McCutcheon v. Brownfield, 2 Wn. App. 348, 356-57 (1970); Restatement (First) Contracts § 472, cmt. c.  A fiduciary relationship may also arise as a matter of fact where one party has superior knowledge and uses that knowledge to induce reliance by the other party.

1   Retired Pub. Emps. Council of Wash. v. Charles, 148 Wn.2d 602, 622 (2003).

2           In Liebergesell, for example, an unsophisticated widow with no business
3   experience was encouraged by an acquaintance to invest money in his business of buying,
4   renovating, and selling old houses.  The widow stated that she relied upon defendant for
5   investment advice, including how the investment should be structured, that defendant knew of
6   and encouraged her reliance, and that she regarded defendant as a financial counselor and guide.
7   Defendant ultimately took advantage of her trust.  The Washington Supreme Court found that,
8   taking the facts in the light most favorable to the widow, the circumstances were sufficient to
9   raise a question of fact as to whether a fiduciary relationship existed, precluding summary
10  judgment.  The same result applies here.  If plaintiff is able to prove his case, including the
11  allegations that defendant claimed he had the ability to protect plaintiff from harm and alleviate
12  his personal/professional problems and that defendant encouraged plaintiff to rely on him to help
13  him with those issues, a fiduciary relationship may have arisen under Washington law.  If, in
14  fact, the parties had such a relationship and the plaintiff was justified in expecting that defendant
15  would care for his interests, a breach of that duty would be sufficient to warrant rescission and
16  cancellation of transactions by which defendant benefitted at plaintiff's expense.  See Moon, 67
17  Wn.2d at 955.[1]

---

[1] The Court finds that most of plaintiff's other arguments regarding potential sources of defendant's fiduciary obligations do not, in and of themselves, establish that a fiduciary relationship existed at law or in fact, although they are certainly relevant to the disputed factual issue.  To the extent plaintiff's grant of durable powers of attorney to defendant establishes a fiduciary relationship as a matter of law, plaintiff has not shown that the powers were abused to his detriment.

ORDER DENYING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT            -4-

### D. Wrongful conversion of plaintiff's funds, personal property, and shares of his corporations

Plaintiff claims that he paid defendant $3.7 million in order to buy protection from an assassination attempt, but that defendant converted the money to his own personal uses. Under Washington law, conversion is the act "of willfully interfering with any chattel, without lawful justification, whereby any person entitled thereto is deprived of possession of it." PUD of Lewis County v. WPPSS, 104 Wn.2d 353, 378 (1985). Money may be the object of a conversion claim if it is wrongfully received by defendant, or if defendant is under an obligation to return the money to plaintiff. Westview Inv., Ltd. v. U.S. Bank Nat. Ass'n, 133 Wn. App. 835, 852 (2006). "Wrongful intent is not an element of conversion:" defendant is not relieved from liability simply because he believed his possession was rightful. Brown ex rel. Richards v. Brown, 157 Wn. App. 803, 817-18, 820 (2010).

Defendant argues that he cannot be liable for conversion because he never received delivery of the $3.7 million and does not have possession or control over the money. If actual physical possession of the funds were required, conversion would rarely be proven: very few monetary transactions involve the transfer or continued possession of cash. The fact that the funds are actually held by a bank or other third-party has never been found to defeat a claim for conversion. Rather, a conversion claim may proceed regardless of whether defendant has actual or constructive possession of the goods. See Bickford v. Hupp, 83 Wash. 427, 428-29 (1915). Thus, if defendant has constructive possession of the funds (i.e., the ability to obtain custody, control, or possession of them), a conversion claim will lie. A reasonable jury could find that defendant, who orchestrated the transfer of funds to his wife's account in another country, has constructive possession of those funds.

Finally, defendant argues that plaintiff may not pursue a conversion claim because

ORDER DENYING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT           -5-

he has not made a demand for the return of the $3.7 million. In Judkins v. Sadler-MacNeil, 61 Wn.2d 1 (1962), the case on which defendant relies for the demand-requirement argument, plaintiff voluntarily and by agreement delivered his truck to defendant. At a later point, plaintiff attempted to retrieve personal belongings that had been left in the vehicle: his demands for access were rebuffed. In summarizing the trial court's findings, the Supreme Court noted "that the basis for recovery, if any, was the defendants' refusal to deliver to the plaintiff his personal belongings after demand therefor." Judkins, 61 Wn.2d at 4. That a demand had been made was not surprising given the circumstances. The original transfer of the property to defendant was in no way wrongful: until plaintiff put defendant on notice that return was necessary, defendant's conduct was wholly justified. While it is possible that, in circumstances like that presented in Judkins, a demand may be necessary to establish a "willful interference with chattel, without lawful justification," it is not a separate element of the cause of action. Where, as here, the original receipt of the funds by defendant is alleged to have been the result of fraud and undue influence, a demand is unnecessary to establish the lack of lawful justification.

For all of the foregoing reasons, defendant's motion for summary judgment is DENIED. The parties shall confer regarding a trial date for the above-captioned matter and contact chambers at 206-370-8810 to obtain an amended case management schedule.

Dated this 27th day of September, 2013.

*MWT S Lasnik*

Robert S. Lasnik
United States District Judge

ORDER DENYING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT         -6-