UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                    )
ELIAS ILYIA,                        )    No. C11-1593RSL
                                    )
            Plaintiff,              )
      v.                            )    ORDER GRANTING IN PART
                                    )    MOTION TO EXCLUDE TESTIMONY
MAROUN N. EL KHOURY, *et al.*,      )    OF MARK KOENEN, M.D., J.D.
                                    )
            Defendants.             )
_____)

This matter comes before the Court on "Defendant Maroun El-Khoury's Motion to Exclude Expert Testimony of Mark Koenen, M.D., J.D." Dkt. # 153.[1] In Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579 (1993), the Supreme Court charged trial judges with the responsibility of acting as gatekeepers to prevent unreliable expert testimony from reaching the jury. The gatekeeping function applies to all expert testimony, not just testimony based on the hard sciences. Kumho Tire Co. v. Carmichael, 526 U.S. 137 (1999).

To be admissible, expert testimony must be both reliable and helpful. The reliability of expert testimony is judged not on the substance of the opinions offered, but on the methods employed in developing those opinions. Daubert, 509 U.S. at 594-95. In general, the expert's opinion must be based on principles, techniques, or theories that are generally accepted in his or her profession and must reflect something more than subjective belief and/or

---

[1] The Court has considered plaintiff's overlength memorandum.

ORDER GRANTING IN PART MOTION TO EXCLUDE
TESTIMONY OF MARK KOENEN, M.D., J.D.

1  unsupported speculation.  <u>Daubert</u>, 509 U.S. at 590.  The testimony must also be "helpful" in
2  that it must go "beyond the common knowledge of the average layperson" (<u>U.S. v. Finley</u>, 301
3  F.3d 1000, 1007 (9th Cir. 2002)) and it must have a valid connection between the opinion
4  offered and the issues of the case (<u>Daubert</u>, 509 U.S. at 591-92).  Plaintiff, as the party offering
5  Dr. Koenen as an expert, has the burden of proving both the reliability and helpfulness of his
6  testimony.  <u>Cooper v. Brown</u>, 510 F.3d 870, 942 (9th Cir. 2007).

7         Defendant does not challenge Dr. Koenen's expertise in the area of forensic
8  psychiatry, and the Court finds that he is qualified as an expert under Fed. R. Ev. 702.
9  Defendant does, however, challenge the reliability and helpfulness of Dr. Koenen's ultimate
10 conclusion that Dr. Ilyia was "markedly impaired from a psychiatric standpoint around the
11 period that he was entering into the contracts in question."  Decl. of Mark A. Anderson (Dkt.
12 # 154), Ex. B at 20.

13     **A.  Reliability**

14        Defendant argues that Dr. Koenen's opinion is unreliable because he did not
15 administer any psychological tests.  There is evidence in the record to support the assertion that
16 the generally accepted methodology for performing a forensic psychiatric evaluation includes
17 interviewing the patient to obtain a history, observing the patient, and administering standardized
18 tests.  <u>See</u> Decl. of G. Christian Harris, M.D. (Dkt. # 155); <u>U.S. v. Finley</u>, 301 F.3d 1000, 1005-
19 06 (9th Cir. 2002).  The tests apparently serve two purposes:  to determine the patient's current
20 status and to assess his reliability.  Dr. Harris, in critiquing Dr. Koenen's methods, argues that it
21 is his failure to assess for malingering that "essentially invalidates the reliability of his
22 examination and is not scientifically valid."  Decl. of G. Christian Harris, M.D. (Dkt. # 155) at
23 ¶ 11.

24       In the circumstances presented here, Dr. Koenen was not attempting to ascertain
25 and evaluate Dr. Ilyia's current symptoms and personality characteristics.  The goal of the

ORDER GRANTING IN PART MOTION TO EXCLUDE
TESTIMONY OF MARK KOENEN, M.D., J.D.    -2-

evaluation was to determine plaintiff's competency a year earlier, not at the time of the evaluation. While there remains an obvious need to evaluate the reliability of plaintiff as a historian to ensure that the retrospective assessment is accurate, there is no indication that administering standardized tests is the only way to accomplish that task. Dr. Koenen spoke with and reviewed the testimony of a number of witnesses who corroborated many of the salient events and descriptions of Dr. Ilyia's self-report. Thus, contrary to defendant's argument, Dr. Koenen did, in fact, take steps to rule out the possibility of malingering and/or recent invention.

Nevertheless, Dr. Koenen's ultimate opinion regarding Dr. Ilyia's psychiatric status a year earlier is unreliable in that it is based on nothing more than the subjective recollections of a very narrow selection of individuals who had contact with Dr. Ilyia during the relevant period. Dr. Koenen is essentially making an after-the-fact (and apparently temporary) diagnosis of mental incapacity based on nothing more than a few anecdotal stories and the fact that Dr. Ilyia entered into contracts which, Dr. Koenen has been told, were not in Dr. Ilyia's best interests. Plaintiff has not provided any evidence that forensic psychiatrists generally accept such limited and subjective evidence as the basis for a forensic diagnoses.[2] There is no indication that Dr. Koenen evaluated plaintiff's current mental state to assess any underlying pathologies or that he considered any alternative explanations for the business dealings he assumes are inexplicable. Absent some evidence that forensic psychiatrists generally accept subjective reports, unsupported by any testing or objective findings, as the basis for a diagnosis, the Court finds Dr. Koenen's ultimate conclusion unreliable.

---

[2] Compare this with what the expert did in In re Estate of Lint, 135 Wn.2d 518, 530 (1998), where he conducted a review of medical records, viewed videotapes of the individual, reviewed the testimony of the treating physician, reviewed the caretaker's logbook of contemporaneous entries, reviewed the hospice notes, and considered the declarations of others.

ORDER GRANTING IN PART MOTION TO EXCLUDE
TESTIMONY OF MARK KOENEN, M.D., J.D.           -3-

### B. Helpfulness

Dr. Koenen's opinion is also unhelpful for two reasons. First, the statement that plaintiff was "markedly impaired from a psychiatric standpoint" at the time of contracting is incredibly vague. A marked psychiatric impairment can be associated with any number of diagnoses and conditions, only some of which would deprive plaintiff of sufficient mental capacity to understand the nature of the challenged transactions. Hearing that Dr. Ilyia had one or more diagnoses and a "marked impairment" would not assist the jury in determining the key issue – *i.e.*, whether he had the capacity to understand the transactions in which he participated.

To the extent Dr. Koenen has subsequently stated that Dr. Ilyia was not competent to enter into the challenged transactions, the statement is not based on any sort of medical evaluation or expertise, but rather on the same evidence that the jury will hear in the courtroom. Dr. Koenen makes no attempt to explain how he arrived at a competency determination based on the symptoms of depression, anxiety, paranoia, and Ambien misuse that pervade Dr. Ilyia's history. If there were any methodology or expertise involved in making that leap, it certainly is not evident from the papers submitted. Rather, it appears that Dr. Koenen is simply stating his subjective belief and, ultimately, invading the province of the jury by drawing an unscientific conclusion regarding capacity from the underlying evidence.

For all of the foregoing reasons, defendant's motion to exclude the testimony of Dr. Koenen is GRANTED. He will not be permitted to opine that Dr. Ilyia lacked the mental capacity to enter into a contract in the summer of 2010. Dr. Koenen may, however, provide expert testimony that will assist the jury in resolving that key factual issue. He may, for example, explain the cognitive effects of depression, anxiety, paranoia, and Ambien use/abuse,

and may critique the methodology used by Dr. Harris to evaluate plaintiff in 2010.[3]

Dated this 27th day of September, 2013.

*Robert S. Lasnik* (signature)
Robert S. Lasnik
United States District Judge

---

[3] Plaintiff's belated request to exclude the testimony of Dr. Harris has not been considered.

ORDER GRANTING IN PART MOTION TO EXCLUDE
TESTIMONY OF MARK KOENEN, M.D., J.D.        -5-