1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

ELIAS ILYIA,

10
                        Plaintiff,

11          vs.                                        Case No. C11-1593RSL

12   MAROUN EL KHOURY and SOPHIE
     JALBERT EL KHOURY,                                ORDER GRANTING IN PART
13                                                     MOTION TO COMPEL
                        Defendants.                    MEDIATION
14

15

16

17          This matter comes before the Court on "Defendant's Motion to Compel Mediation

18   Attendance Pursuant to LCR 16(c)(3) and LCR 39.1." Dkt. # 205. Defendant seeks to compel

19   plaintiff to mediate the above-captioned litigation, plaintiff's legal malpractice action against

20   Frank Siderius, and the action plaintiff initiated in Lebanon against defendant, his wife, and his

21   sisters. Defendant argues that all three litigations must be brought to the table in order to

22   achieve a "global settlement." Plaintiff opposes the motion, arguing that the Court lacks the

23   authority to compel third parties to participate in mediation and suggesting that he is helpless to

24   affect the trajectory of the Lebanese action.

25          Defendant is not attempting to compel third-parties to participate in the mediation:

26   Mr. Siderius and his insurer have already agreed to participate, and defendant is apparently

27

28   ORDER GRANTING IN PART
     MOTION TO COMPEL MEDIATION -  1

1   willing to presume that any resolution of the claims asserted against him in Lebanon will also

2   apply to his family members.  The Court's authority to compel plaintiff to mediate cannot be

3   questioned.  Both LCR 16(c)(3) and the Court's inherent powers are sources of that authority.

4   See In re Atl. Pipe Corp., 304 F.3d 135, 140 (1st Cir. 2002).  Nevertheless, defendant does not

5   explain why he and plaintiff cannot reach a resolution of their outstanding disputes in the

6   absence of Mr. Siderius.  Mr. Siderius is not a party to this lawsuit or the Lebanese matter, and

7   his consent to settlement is not necessary.  From the repeated references to the insurer, the Court

8   infers that defendant hopes to utilize at least a portion of Mr. Siderius' policy limits to buy

9   repose for himself.  Whether the insurance policy is triggered will not be determined in this

10   litigation, however, and the mere existence of pots of money that might be useful to defendant

11   does not justify inserting third parties into the settlement negotiations over plaintiff's objections.

12          Whether a negotiated resolution of the dispute between plaintiff and defendant

13   would terminate the Lebanese proceeding is unclear.  The documents provided by plaintiff show

14   that he, rather than the prosecuting authority, instigated the proceeding and that the "case is

15   between Dr. Elias Fouad Ilyia the Plaintiff and Maroun Nakhle El Khoury the Defendant."  Dkt.

16   # 212-3.  Plaintiff offers no information regarding the procedure under which the petition was

17   filed, the impact of a petitioner's withdrawal of the claim, or the current status of the case.  The

18   little information provided suggests that if plaintiff were to resolve his dispute with defendant in

19   mediation, he would have the power to affect the prosecution of the criminal matter and bring

20   the proceeding to a close.  Because settlement of this action would be impossible if defendant

21   faced continuing litigation and potential liability in Lebanon over the same events, plaintiff will

22   be compelled to mediate all outstanding claims between the parties.

23

24          For all of the foregoing reasons, defendant's motion to compel mediation is

25   GRANTED in part.  The parties shall participate in a mediation before Thomas Harris in a good

26   faith effort to resolve the above-captioned matter and the Lebanese proceeding.  It is further

27

28   ORDER GRANTING IN PART
     MOTION TO COMPEL MEDIATION -  2

ORDERED that the parties shall refrain from asserting toothless accusations of ethical and/or Rule 11 violations in their memoranda.  If sanctionable conduct has occurred, the complaining party may file a separate motion for sanctions (following the procedures set forth in Rule 11 if the motion for sanctions is filed under that authority).  The motion shall be adequately supported with facts and legal authority.  Baseless and unsupported accusations which the party has no intention of pursuing are barred.

Dated this 4th day of April, 2014.

Robert S. Lasnik
United States District Judge

ORDER GRANTING IN PART
MOTION TO COMPEL MEDIATION -  3