UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                    )
ELIAS ILYIA,                        )    No. C11-1593RSL
                                    )
                  Plaintiff,        )
       v.                           )    ORDER DENYING MOTION FOR
                                    )    EVIDENTIARY HEARING
MAROUN N. EL KHOURY, *et al.*,      )
                                    )
                  Defendants.       )
_____)

This matter comes before the Court on plaintiff's "Motion for Pretrial Daubert Hearing" regarding Dr. Mark Koenen's opinion that plaintiff was "markedly impaired from a psychiatric standpoint around the period that he was entering into the contracts" that are at issue in this litigation. Dkt. # 198; Decl. of Mark A. Anderson (Dkt. # 154), Ex. B at 20. Plaintiff had a full and fair opportunity to argue the admissibility of Dr. Koenen's opinion last year. After reviewing plaintiff's untimely and overlength memorandum, the Court found that, although Dr. Koenen's expertise in forensic psychiatry was undisputed, his opinion was unreliable and unhelpful. See Order Granting in Part Motion to Exclude Testimony of Mark Koenen, M.D., J.D. (Dkt. # 179). Plaintiff did not request oral argument or an evidentiary hearing,[1] nor did he

---

[1] Litigants are not entitled to a pretrial hearing as a matter of course whenever a Daubert challenge is raised. The Court has significant flexibility in deciding what procedures are necessary to adequately assess the expert's qualifications and the reliability and relevance of his opinions. Millenkamp v. Davisco Foods Int'l, Inc., 562 F.3d 971, 979 (9th Cir. 2009); U.S. v. Alatorre, 222 F.3d 1098, 1102-04 (9th Cir. 2000).

ORDER DENYING MOTION FOR
EVIDENTIARY HEARING

file a timely motion for reconsideration after the Court issued its ruling. Plaintiff now seeks an opportunity to call Dr. Koenen as a witness to explicate his extensive expertise as a forensic psychiatrist and the appropriateness of his methodology, "unfiltered through the writings of counsel." Reply (Dkt. # 229) at 2.

Even if the Court overlooks the fact that the proffered evidence could have - and should have - been presented when this issue was initially decided, it would not alter the outcome of the admissibility determination. Dr. Koenen's expertise is not in question, so additional testimony on that point is unnecessary. The Court will assume, for purposes of this motion, that Dr. Koenen would be able to show that it is an accepted practice for forensic psychiatrists to make a retrospective capacity determination based on the subject's self-report, the statements of a carefully selected group of witnesses regarding the subject's functioning during the relevant period, and contracts which the expert has been told were not in the subject's best interests. The Court also found that Dr. Koenen's opinion regarding the ultimate issue of competence would not be helpful to the jury, however, and the evidence proffered by plaintiff does not address that issue.

Having offered no new evidence that would alter the outcome of the Daubert analysis, the Court finds that an evidentiary hearing is unnecessary. Plaintiff's motion (Dkt. # 198) is therefore DENIED. At this point in time, Dr. Koenen will not be permitted to state or otherwise opine that plaintiff lacked the mental capacity to enter into a contract in the summer of 2010. Dr. Koenen may, however, provide expert testimony that will assist the jury in resolving that key factual issue. He may, for example, explain the cognitive effects of depression, anxiety, paranoia, and Ambien use/abuse, and may critique the methodology used by Dr. Harris to evaluate plaintiff in 2010. Dr. Koenen may also be permitted to testify in rebuttal to opinions offered by Dr. Harris if the circumstances suggest that such rebuttal testimony would be both

1 | reliable and relevant.

        Dated this 28th day of April, 2014.

                                  /s/ Robert S. Lasnik
                                  Robert S. Lasnik
                                  United States District Judge

ORDER DENYING MOTION FOR
EVIDENTIARY HEARING                -3-