UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                        )
ELIAS ILYIA,                            )   No. C11-1593RSL
                                        )
                    Plaintiff,          )
      v.                                )   ORDER DENYING PLAINTIFF'S
                                        )   MOTION TO EXCLUDE THE
MAROUN N. EL KHOURY, *et al.*,          )   TESTIMONY OF JENNIFER
                                        )   POLITAKIS
                    Defendants.         )
_____)

This matter comes before the Court on "Plaintiff's Motion to Exclude the Deposition Testimony of Jennifer Politakis." Dkt. # 199. Having reviewed the memoranda, declaration,[1] and exhibits submitted by the parties, the Court finds as follows:

Pursuant to Fed. R. Civ. P. 32(a), a deposition transcript may be used at the trial if the witness is unavailable and the party against whom it is offered "was present or represented at the taking of the deposition or had reasonable notice of it." Both of these criteria are satisfied here, and plaintiff has not shown that the testimony, if presented live at trial, would be otherwise

---

[1] The Court has not considered the declarations of Sam A. Eidy and William R. Lindsley submitted by plaintiff with his reply memorandum. Dkt. # 225-2 and # 225-3. Despite the importance plaintiff ascribed to the way in which the deposition of Ms. Politakis terminated, counsel provided no evidence with the motion that would support their contention that defense counsel precluded them from questioning Ms. Politakis. Defendant, who is no longer represented by the counsel who took Ms. Politakis' deposition, relied upon the lack of evidence in their opposition. Only then did counsel provide their declarations, effectively preventing defendant from developing a factual response.

ORDER DENYING PLAINTIFF'S
MOTION TO EXCLUDE TESTMONY

inadmissible under the Federal Rules of Evidence.

Plaintiff argues that the testimony must be excluded under Fed. R. Ev. 804(b)(1) because plaintiff did not have an opportunity to develop the testimony of this witness. This argument fails on the facts and the law. Contrary to his assertion, plaintiff had an opportunity to examine Ms. Politakis: he could have noted her deposition to proceed immediately following defendant's deposition. Instead, he made a strategic choice to depose ten other witnesses in this matter. Even after hearing Ms. Politakis' testimony, plaintiff proceeded with five other depositions, taking his chances that the witness would be available when this case eventually came on for trial. Defendant, on the other hand, made Ms. Politakis' testimony a priority and opted to include her in his list of deponents. Plaintiff offers no reason why the Court should undo defendant's litigation strategy simply because plaintiff's strategy backfired. The party who notes a deposition is not a guarantor that the witness will remain available for further examination at trial.

As a legal matter, the interplay between Fed. R. Civ. P. 32(a) and Fed. R. Ev. 804(b)(1) is somewhat confusing. Rule 32(a) governs the use of depositions taken in the pending matter, while Rule 804(b)(1) expressly applies to all former testimony, "whether given during the current proceeding or a different one." Because Ms. Politakis was deposed in the current matter, both rules potentially apply, with slightly different requirements governing the deposition's use and admissibility. In this circumstance, the Ninth Circuit has determined that if the testimony satisfies the requirements of Rule 32(a), "it need not also meet the requirements for admissibility set forth in Rule 804(b)(1)." Nationwide Life Ins. Co. v. Richards, 541 F.3d 903, 914 (9th Cir. 2008). Plaintiff argues that Richards is "not applicable because presumably, the witness was cross examined in that case." Reply (Dkt. # 225) at 4. Plaintiff offers no record citations or evidence in support of the presumed fact. Having reviewed the district court and appellate records, it is clear that Ms. Richards was arguing that, although she participated in the deposition, she "did not have a suitable opportunity or motive to develop this testimony"

ORDER DENYING PLAINTIFF'S
MOTION TO EXCLUDE TESTMONY            -2-

because the issues had fundamentally changed by the time of trial. Nationwide Life Ins. Co. v. Richards, C06-56562, 2007 WL 4454096 at *9 (Brief of Appellant) (9th Cir. Oct. 19, 2007). Like plaintiff here, Ms. Richards argued that the deposition transcript was inadmissable hearsay because Rule 804(b)(1)(B) could not be satisfied. The Ninth Circuit rejected the argument out of hand, finding that Rule 32(a) governed the admissibility of the testimony: "Rule 804 is irrelevant to our analysis." Richards, 541 F.3d at 915. The same result applies here.

Plaintiff's other objections go to the weight of the evidence and/or the limited scope of defendant's designations. Pursuant to Rule 32(a)(6), plaintiff may counter-designate portions of the transcript to be considered by the jury along with those portions identified by defendant. The parties shall comply with the requirements of LCR 32(e) when offering portions of depositions at trial.

For all of the foregoing reasons, plaintiff's motion to exclude the deposition testimony of Jennifer Politakis (Dkt. # 199) is DENIED.

Dated this 28th day of April, 2014.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING PLAINTIFF'S
MOTION TO EXCLUDE TESTMONY                -3-