UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ELIAS ILYIA,

    Plaintiff,

v.

MAROUN EL KHOURY,

    Defendants.

Case No. C11-1593RSL

ORDER GRANTING IN PART DEFENDANT'S MOTIONS IN LIMINE

This matter comes before the Court on "Defendant's Motions in Limine" (Dkt. # 165) and "Defendant's Second Motions in Limine" (Dkt. # 217). Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court finds as follows:

**A. Defendant's First Motions in Limine**

    **1. Other Lawsuits or Criminal Sanctions Against Defendant**

Plaintiff would like to present evidence regarding three other actions in which defendant has been accused of wrongdoing. Both parties acknowledge that the test for admissibility under Fed. R. Ev. 404(b)(2) is as follows: "(1) there must be proof of the prior bad act based on sufficient evidence; (2) the crimes or acts must not be too remote; (3) the prior conduct must be similar to the acts defendant is charged with; and (4) the evidence must prove an essential element of the offense." U.S. v. Houser, 929

ORDER GRANTING IN PART
DEFENDANT'S MOTIONS IN LIMINE

-1-

F.2d 1369, 1372 (9th Cir. 1990).  With regards to the first factor, plaintiff offers nothing but a bald assertion that "[t]he mere fact that the judgment exists is sufficient evidence and the first part of the four-part test is met."  Dkt. # 168 at 5.  Two of the three actions were resolved against defendant in his absence, however, and the third remains pending after substitute service was affected in March 2008.  There is no indication that any evidence was presented against defendant in these cases, much less "proof of the prior bad acts."  Plaintiff will not be permitted to repeat unproven accusations levied against defendant in other jurisdictions.

As for the second factor, plaintiff concedes that the 1992 Virginia state court matter is too remote to be admissible.  Dkt. # 168 at 5.

Finally, plaintiff fails to provide any analysis of the allegations in the prior lawsuits or how they help establish motive, opportunity, intent, plan, or knowledge in this case.  The only information provided is a copy of the docket and complaint in the Eastern District of Virginia which shows that defendant was accused of breaching a licensing agreement and embezzlement.  While those allegations certainly present defendant in a bad light and involve wrongful financial dealings, the bad acts are not closely related to the sort of psychological abuse and intimidation alleged by plaintiff in this case.

At the pretrial conference in this matter, the Court made it clear that plaintiff's claims would be tried on the facts of this case, not on allegations asserted in distant and remote actions.  Despite this admonition, plaintiff did not supplement his response to defendant's motion in limine.  Based on the existing record, it appears that plaintiff hopes to use the mere existence of these three actions to suggest that defendant is a bad person, without having to satisfy the test for admissibility under Rule 404(b). This he cannot do.  Defendant's first motion in limine is GRANTED.

ORDER GRANTING IN PART
DEFENDANT'S MOTIONS IN LIMINE

**2. Use of Tunisian Judgment for Impeachment Purposes**

As discussed above, plaintiff is precluded from presenting evidence of, referring to, or questioning witnesses about the other actions in which defendant has been accused of wrongdoing, including the Tunisian criminal proceeding. There should not, therefore, be an opportunity to use the Tunisian judgment for impeachment purposes, and plaintiff's counsel shall refrain from creating such an opportunity. Defendant's second motion in limine is GRANTED.[1]

**3. Opinion Testimony of Lay Witnesses**

The Court reserves ruling on defendant's third motion in limine.[2] Whether one or more of the identified witnesses had sufficient opportunity to perceive plaintiff and develop an opinion regarding his ability to understand the nature of the challenged transactions cannot be ascertained on the record. The mere use of the words "incompetent" or "capacity" in describing what the witnesses observed and the reasonable inferences drawn therefrom does not necessarily transform the testimony into forbidden expert opinion. While counsel and the witnesses shall take care to avoid any implication that the witnesses are offering a medical diagnosis or otherwise basing their testimony on "scientific, technical or other specialized knowledge" (Fed. R. Ev. 701(c)), lay people often use "competent" and "capable" to explain the overall impression they have of a person's abilities.

At common law, lay witnesses were not permitted to draw conclusions and were limited to describing what "they had seen, heard, felt, smelled, tasted, or done"

---

[1] If defense counsel opens the door, plaintiff may request reconsideration of this ruling.

[2] Contrary to defendant's assertion in reply (Dkt. # 169 at 4-5), plaintiff has not conceded that the witnesses should be precluded from offering lay opinions regarding plaintiff's competence or capacity to contract during the relevant period.

ORDER GRANTING IN PART
DEFENDANT'S MOTIONS IN LIMINE

-3-

without the elaboration of inference. Hon. Charles R. Richey, Proposals to Eliminate the Prejudicial Effect of the Use of the Word "Expert" Under the Federal Rules of Evidence in Civil and Criminal Jury Trials, 154 F.R.D. 537, 542 (1994). This strict dichotomy between "fact" and "opinion" generated practical problems, as succinctly described by Judge Learned Hand:

> Every judge of experience in the trial of causes has again and again seen the whole story garbled, because of insistence upon a form with which the witness cannot comply, since, like most men, he is unaware of the extent to which inference enters into his perceptions. He is telling the "facts" in the only what that he knows how, and the result of nagging and checking him is often to choke him altogether, which is, indeed, usually its purpose.

Central R.R. Co. v. Monahan, 11 F.2d 212, 214 (2nd Cir. 1926). Rule 701 was adopted to broaden the common law, and the Court will not unnecessarily bind the witnesses to describing what they saw, heard, or did if their perceptions rationally support inferences regarding plaintiff's capacity to understand the nature of the challenged transactions. Asplundh Mfg. Div. v. Benton Harbor Eng'g, 57 F.3d 1190, 1195-96 (3rd Cir. 1995).

### 4. Testimony of Dr. Elizabeth McKendry Related to Competency

The Court reserves ruling on defendant's fourth motion in limine.[3] For the reasons stated above, Dr. McKendry may testify regarding her observations of plaintiff during the relevant time frame and will not be precluded from using the words "competent" and/or "capable" if those inferences are rationally based on her perceptions. Dr. McKendry was not, however, identified as an expert and neither counsel nor the witness shall imply that she made a medical diagnosis regarding plaintiff's psychological state in 2010 or in anticipation of trial.

---

[3] Contrary to defendant's assertion in reply (Dkt. # 169 at 5), plaintiff has not conceded that Dr. McKendry should be precluded from offering a lay opinion regarding plaintiff's competence or capacity to contract during the relevant period.

ORDER GRANTING IN PART
DEFENDANT'S MOTIONS IN LIMINE

**5.  Testimony of Valuation Expert Stephen Kessler**

Defendant makes no effort to show how the expert report provided by Stephen Kessler was in any way defective, incomplete, or otherwise lacking. Defendant's fifth motion in limine is DENIED.

**7.  Transfer of $3.7 Million to Sophie El Khoury** [4]

Defendant argues that the transfer of $3.7 million to Sophie El Khoury in October 2009 should be hidden from the jury because (a) it is undisputed, (b) it is irrelevant, and (c) it will confuse the jury. Dkt. # 165 at 7. No explanation is provided. The transfer is certainly relevant to plaintiff's theory of the case: it was defendant's first grab for plaintiff's assets based on false pretenses and overreaching. Defendant's seventh motion in limine is DENIED.

**8.  Questions Regarding Use of the $3.7 Million**

Defendant argues that plaintiff should be precluded from asking defendant what became of the $3.7 million transferred to Ms. El Khoury because Ms. El Khoury is in a better position to answer that question. The Court is unaware of any rule of procedure or evidence which requires that a question be asked only of the witness who is best-placed to answer it. If defendant does not know, he may say so. Defendant's eighth motion in limine is DENIED.

**9.  Transfer of $1.5 Million to Theresa and Maria El Khoury**

Defendant argues that the transfer of $1.5 million to his sisters in June 2010 should be hidden from the jury because (a) it is undisputed, (b) Theresa and Maria El Khoury are not defendants or witnesses in this action, (c) it is irrelevant, and (d) it will confuse the jury and cause unfair prejudice. Dkt. # 165 at 8. Once again, defendant ignores the gist of plaintiff's claims and provides no explanation of or support for his

---

[4] The parties have resolved motions in limine 6, 10, 16, 17, and 21-30.

ORDER GRANTING IN PART
DEFENDANT'S MOTIONS IN LIMINE

-5-

1  objections. It is the fact that defendant imposed on plaintiff to transfer assets to
2  recipients of defendant's choice that makes the transaction relevant. Plaintiff's decision
3  to forego a lawsuit against the sisters based on their brother's alleged malfeasance does
4  not erase the undisputed facts from the case or preclude a judgment for those amounts
5  against defendant. Defendant's ninth motion in limine is DENIED.

### 11. Personal Knowledge

Unless qualified under Fed. R. Ev. 702, all witnesses shall testify based on their own personal knowledge. Defendant has not, however, identified any testimony that runs afoul of this basic rule. His eleventh motion is limine is therefore DENIED.

### 12. Fiduciary Relationship Arising from Role as Corporate Officer

Defendant seeks to exclude any testimony or argument that defendant owed plaintiff a fiduciary duty arising out of defendant's role as Vice President of Diagnos-Techs on the ground that such a theory was not asserted in the Amended Complaint. Plaintiff's breach of fiduciary duty claim is based in part on "the dishonest way [defendant] gained [plaintiff's] confidence and access to his home, i.e., to help him with . . . the successful running of his business." Dkt. # 47 at ¶ 43. Although participants in a business transaction in Washington generally deal with each other at arm's length (Liebergesell v. Evans, 93 Wn.2d 881, 889 (1980)), if there are "additional circumstances, or a relationship that induced the trusting party to relax the care and vigilance which he would ordinarily exercise for his own protection," a fiduciary relationship may exist (Moon v. Phipps, 67 Wn.2d 948, 954 (1966)). Over the course of this litigation, plaintiff has asserted a number of arguments regarding potential sources of defendant's fiduciary obligations, including his promises to help save plaintiff's business. While they did not, in and of themselves, establish that a fiduciary relationship existed as a matter of law, they are certainly relevant to determining whether defendant

ORDER GRANTING IN PART
DEFENDANT'S MOTIONS IN LIMINE

had claimed the ability to protect plaintiff from personal and professional harm and encouraged plaintiff to rely on him to help him with those matters. See Order Denying Defendant's Motion for Summary Judgment (Dkt. # 178) at 4 n.1. Plaintiff may attempt to show that the parties' relationship, including defendant's appointment as a corporate officer, justified plaintiff's expectation that defendant would care for and protect plaintiff's interests. Defendant's twelfth motion in limine is DENIED.

### 13. Fiduciary Relationship Arising from Promise of Protection

For the reasons stated above, plaintiff will be permitted to show all facets of the parties' relationship so that the jury can determine whether he was justified in relaxing the care and vigilance which the law would ordinarily expect him to exercise for his own protection. Defendant's thirteenth motion in limine is DENIED.

### 14. Fiduciary Relationship Arising from Power of Attorney

For the reasons stated above, plaintiff will be permitted to show all facets of the parties' relationship so that the jury can determine whether he was justified in relaxing the care and vigilance which the law would ordinarily expect him to exercise for his own protection. Defendant may, of course, point out that the Power of Attorney could justify a belief that the principal's welfare would be protected only after it was signed on June 23, 2010. Defendant's fourteenth motion in limine is DENIED.

### 15. Sale of Diagnos-Techs as a Breach of Fiduciary Duty Arising from Power of Attorney

As previously noted by the Court, there is no indication that defendant used the Power of Attorney to transfer control of Diagnos-Techs from plaintiff to defendant. Dkt. # 178 at 4 n.1. The importance of the Power of Attorney is not as the vehicle by which defendant allegedly made off with plaintiff's company, but rather as evidence of the relationship that existed between the parties. The jury is entitled to

ORDER GRANTING IN PART
DEFENDANT'S MOTIONS IN LIMINE

consider the grant of a durable power of attorney when determining whether plaintiff was entitled to expect that his welfare would be protected in July and August 2010 when defendant negotiated the purchase of Diagnos-Techs. Defendant's fifteenth motion in limine is DENIED.

### 18. Cause of Plaintiff's Marital Difficulties or Divorce

Plaintiff has agreed that he will not allege or attempt to prove that his separation and divorce were caused by defendant. Dkt. # 219 at 3. Defendant's eighteenth motion in limine is therefore GRANTED.

### 19. Promise to Provide Protection in Exchange for $3.7 Million

Defendant's alleged statements regarding the existence of an assassination plot and the need to purchase protection through a sizeable cash payment would constitute false representations of existing facts. Even if that were not the case, plaintiff would be permitted to present evidence regarding the alleged statements in support of his overarching theory that defendant controlled plaintiff's volition, interfered with his free will, procured agreement through undue influence, and otherwise prevented an exercise of judgment and choice in the sale of Diagnos-Techs. Defendant's nineteenth motion in limine is DENIED.

### 20. Requests for Documents and Information

Defendant argues that plaintiff should be precluded from requesting at trial documents or other information because such a request would be an untimely effort to compel discovery. Whether a failure to disclose can be remedied at trial depends on the circumstances surrounding each such failure. For example, if defendant failed to provide information that was required under Fed. R. Civ. P. 26(a) or (e), he will be subject to the various sanctions authorized by Fed. R. Civ. P. 37(c)(1), including notifying the jury of the failure to disclose. Defendant's twentieth motion in limine is DENIED.

ORDER GRANTING IN PART
DEFENDANT'S MOTIONS IN LIMINE

**B. Defendant's Second Motions in Limine** [5]

    **31. Testimony Regarding Lawsuit in the Eastern District of Virginia**

For the reasons set forth in Section A.1. above, defendant's thirty-first motion in limine is GRANTED.

    **32. Testimony Regarding Plaintiff's History**

Part of plaintiff's theory of the case is that he was susceptible to defendant's manipulation because of events he lived through in Lebanon. Based on the existing record, the Court finds these events relevant and not unduly prejudicial. Defendant's thirty-second motion in limine is DENIED.

    **33. Questioning Regarding Attempts to Interfere with Witnesses**

Defendant seeks an order precluding plaintiff from asking Raymond Dent and his attorney, Fern Herbert, questions that are not supported by admissible evidence. Plaintiff argues that Dr. Dent and Attorney Herbert have told him that defendant made threats in an effort to ensure that the witnesses testified in defendant's favor. No admissible evidence of these statements has been presented, however, and the Court reserves ruling on this matter. Plaintiff shall make a proffer before broaching any subject related to witness tampering.

    **34. Last Will and Testament**

Plaintiff alleges that defendant controlled plaintiff's volition, interfered with his free will, procured agreement through undue influence, and otherwise prevented an exercise of judgment and choice when he obtained control of plaintiff's assets.

---

[5] Although the parties were given leave to file additional motions in limine, they were expressly limited to five pages in length. Decl. of Joseph P. Derrig (Dkt. # 218), Ex. A at 15. Defendant cannot simply ignore the page limitation or avoid its import by relying on arguments asserted in other documents. Only the arguments set forth in the first five pages of Dkt. # 217 have been considered.

ORDER GRANTING IN PART
DEFENDANT'S MOTIONS IN LIMINE

Evidence that defendant's lawyer drafted and had plaintiff sign a Last Will and Testament that would have given everything to defendant at the expense of plaintiff's family, employees, and a charitable trust if plaintiff had died before he emerged from defendant's influence is relevant to this theory of the case. The Court finds that the evidence is not unduly confusing or prejudicial. Defendant's thirty-fourth motion in limine is DENIED.

**35. Testimony Regarding Lawsuit in Tunisia**

For the reasons set forth in Section A.1. above, defendant's thirty-fifth motion in limine is GRANTED.

**36. Valuation Expert's Report**

The written report of an expert is hearsay if offered for the truth of the matters asserted therein. Hunt v. City of Portland, __ Fed. Appx. __, 2013 WL 5693830 at *2 (9th Cir. Oct. 21, 2013). Plaintiff has not identified any exception that would apply in this case. Defendant's thirty-sixth motion is limine is GRANTED.

**37. Estate Planning and Family Law Documents**

Defendant objects to the admission of two exhibits, apparently because they are collections of documents "[m]any, if not most, of [which] are entirely irrelevant to this matter and contain multiple levels of hearsay." Dkt. # 217 at 5. The Court declines to determine the admissibility of documents based on nothing more than a general description and reserves ruling on this motion until one or more of the documents are presented at trial.

**38. Lawsuit Against Frank Siderius**

The parties agree that they will not refer to plaintiff's pending lawsuit against Frank Siderius.

ORDER GRANTING IN PART
DEFENDANT'S MOTIONS IN LIMINE

Dated this 30th day of April, 2014.

*[signature]*
Robert S. Lasnik
United States District Judge

ORDER GRANTING IN PART
DEFENDANT'S MOTIONS IN LIMINE

-11-