UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ELIAS ILYIA,

      Plaintiff,

  v.

MAROUN EL KHOURY,

      Defendants.

Case No. C11-1593RSL

ORDER GRANTING IN PART PLAINTIFF'S MOTIONS IN LIMINE

This matter comes before the Court on "Plaintiff's Motions in Limine." Dkt. # 219. Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court finds as follows:

**1. Stark Law and Other Anti-Kickback Laws**

Plaintiff argues that all references to the Stark Law or other anti-kickback laws should be excluded because there is no admissible evidence that any of these laws were violated or that plaintiff was in any way concerned about the legality of the Diagnos-Techs operations, making the information irrelevant and unduly prejudicial.[1] How plaintiff viewed Diagnos-Techs at the time of sale is probative regarding both his

---

[1] Plaintiff's hearsay objection is overruled. The memoranda are relevant to plaintiff's state of mind and knowledge and are not offered for the truth of the matters asserted therein.

ORDER GRANTING IN PART
PLAINTIFF'S MOTIONS IN LIMINE

-1-

1  willingness to sell and the valuation of the assets. The memoranda suggest that plaintiff
2  was both aware of and concerned about potential illegalities associated with Diagnos-
3  Techs' relationship with Taylor Medical Group. This information is relevant and not
4  unduly prejudicial. Plaintiff's first motion in limine is DENIED.

**2. Undisclosed Experts**

Plaintiff asserts that three of defendant's experts should be precluded from testifying because they did not provide expert reports by the date specified in the case management order and because the testimony of Hannah McFarland is not relevant to any issue in the case.

Although defendant has not provided a copy of the reports generated by Ms. McFarland and Matthew B. Ingalls, it appears that they were timely produced on November 7, 2012. Decl. of Michael A. Patterson (Dkt. # 234), Ex. D. Defendant has not, however, produced the report of his rebuttal valuation expert, Kevin L. Grambush. Defendant argues that it properly withheld its expert's opinions because plaintiff's valuation expert stamped his report "Preliminary." This argument is untenable and would, if accepted, promote gamesmanship, cause disruption in pretrial preparations, and result in the type of surprise at trial that the rules of discovery are designed to avoid. Although exclusion of the witness is the best way to mitigate these adverse impacts, defendant shall have three days from the date of this Order to produce Mr. Grambush's rebuttal report. If plaintiff believes it is necessary to depose Mr. Grambush, he shall serve a notice of deposition on or before May 8, 2014, and the deposition shall be scheduled forthwith based on plaintiff's and the witness' schedules. The deposition shall occur no later than May 20, 2013. Mr. Grambush's report and testimony shall be limited to rebutting or contradicting Mr. Kessler's valuation opinions. He may not put forth his own theories or opinions regarding the valuation of Diagnos-Techs or other assets

ORDER GRANTING IN PART
PLAINTIFF'S MOTIONS IN LIMINE

1   transferred from plaintiff to defendant. The proper valuation of the assets has long been
2   part of this litigation, and if defendant had expert testimony that would support a given
3   value, that testimony should have been disclosed in a report on November 7, 2012, so
4   that plaintiff would have an opportunity to develop rebuttal testimony. Having foregone
5   the opportunity to submit an initial expert report, the testimony of Mr. Grambush will be
6   limited to explaining why the theories and opinions offered by plaintiff's expert are
7   unsound.

8   Ms. McFarland was offered as a certified document examiner who will
9   give opinions regarding plaintiff's claim that his signature was forged on two documents.
10  Plaintiff has retracted his allegations of forgery. Nevertheless, Ms. McFarland's
11  testimony is relevant to defendant's counterclaim for defamation.

12  Plaintiff's second motion in limine is GRANTED in part. Should
13  defendant fail to timely provide the required rebuttal report or make Mr. Grambush
14  available for deposition upon request, his testimony will be excluded from trial.

15  **3. Domestic Violence Reports and Evidence of Divorce**

16  Plaintiff has agreed that he will not allege or attempt to prove that his
17  separation and divorce were caused by defendant and therefore argues that evidence
18  related to those events has no probative value and is unduly prejudicial. The Court
19  agrees with regards to the 2003 and 2004 reports of domestic violence. If, however,
20  plaintiff testifies or intimates that defendant drove plaintiff's wife from the house or
21  otherwise interfered in their relationship in order to gain dominion and control over
22  plaintiff, he will have opened the door and defendant will be permitted to show
23  alternative causes of the dissolution.

24  With regards to evidence regarding the divorce and property distribution,
25  the evidence may be relevant to issues regarding the valuation of plaintiff's assets. The

26  ORDER GRANTING IN PART
    PLAINTIFF'S MOTIONS IN LIMINE

Court reserves ruling on the admissibility of individual exhibits until offered at trial.

Plaintiff's third motion in limine is GRANTED in part.

### 4. COLA Accreditation

Plaintiff argues that the loss of accreditation by the Commission on Office Laboratory Accreditation ("COLA") is meaningless since Diagnos-Techs maintained its accreditation under the Clinical Laboratory Improvement Amendments. Plaintiff provides no evidence in support of his seemingly newfound disdain for COLA accreditation, and its relative importance cannot be determined from the existing record. To the extent the loss of accreditation threatened the continued viability of Diagnos-Techs and/or impacted its valuation in 2010, it is relevant and not unduly prejudicial. Plaintiff's fourth motion in limine is DENIED.

### 5. False Positives in Cryptosporidium Testing

Plaintiff argues that any mention of an increased number of false positives in Diagnos-Techs' Cryptosporidium test results should be excluded because the concerns were first raised after the sale of the company, making it irrelevant and unduly prejudicial. There is evidence, however, that plaintiff was aware of the false positive problem before the sale. How plaintiff viewed Diagnos-Techs at the time of sale is probative regarding both his willingness to sell and the valuation of the assets. Nor has plaintiff explained how a discussion of test results would be unduly prejudicial. Plaintiff's fifth motion in limine is DENIED.

### 6. References to a 2010 Meeting between the Parties and the US Government

Although neither party seems inclined to present evidence regarding an April 2010 meeting in which the Federal Bureau of Investigation and/or the Department of Homeland Security questioned whether Diagnos-Techs was supporting terrorists in Lebanon, defendant wants to be able to testify regarding statements made by plaintiff at

ORDER GRANTING IN PART
PLAINTIFF'S MOTIONS IN LIMINE

-4-

1  that meeting even if the nature of the meeting is not disclosed.  Because of the risk that
2  undue prejudice could arise from the mere intimation that plaintiff or his company had
3  dealings with terrorists, the parties shall refrain from identifying the purpose of the April
4  2010 meeting.  Defendant may, however, reveal the existence of a meeting with federal
5  agencies if necessary to impeach plaintiff regarding statements made at the meeting.
6  Plaintiff's sixth motion in limine is GRANTED in part.

### 7. Admissibility of Various Emails

The Court reserves ruling on plaintiff's seventh motion in limine.  Whether a particular email is authentic, relevant, and/or unduly prejudicial will be determined based on the foundation and context in which it is presented at trial.

Dated this 1st day of May, 2014.

*[signature]*
Robert S. Lasnik
United States District Judge

ORDER GRANTING IN PART
PLAINTIFF'S MOTIONS IN LIMINE