UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ELIAS ILYIA,

        Plaintiff,

   vs.

MAROUN EL KHOURY and SOPHIE JALBERT EL KHOURY,

        Defendants.

Case No. C11-1593RSL

ORDER GRANTING DEFENDANT MAROUN EL KHOURY'S MOTION FOR ANTI-SUIT INJUNCTION

    This matter comes before the Court on "Defendant's Motion for Anti-Suit Injunction." Dkt. # 203. Defendant seeks to enjoin a civil action plaintiff filed on January 12, 2014, against defendant, his wife, and his sisters in Lebanon that arises out of the same transactions and events that are at issue in this case.[1] "A federal district court with jurisdiction over the parties has the power to enjoin them from proceeding with an action in the courts of a foreign country, although the power should be used sparingly." Seattle Totems Hockey Club, Inc. v. Nat'l Hockey League, 652 F.2d 852, 855 (9th Cir. 1981). The power to restrain a party from pursuing a claim in a foreign court arises in equity and operates in personam on the party

---

[1] The Court finds that this matter can be decided on the papers submitted. Defendant's request for oral argument is DENIED.

ORDER GRANTING MAROUN EL KHOURY'S
MOTION FOR ANTI-SUIT INJUNCTION - 1

before it, not on the foreign tribunal. E&J Gallo Winery v. Andina Licores S.A., 446 F.3d 984, 989 (9th Cir. 2006). Whether equity should intervene is determined using a three-part inquiry. "First, we determine whether or not the parties and the issues are the same in both the domestic and foreign actions, and whether or not the first action is dispositive of the action to be enjoined. Second, we determine whether at least one of the so-called 'Unterweser factors' applies. Finally, we assess whether the injunction's impact on comity is tolerable." Microsoft Corp. v. Motorola, Inc., 696 F.3d 872 (9th Cir. 2012) (internal quotation marks and citations omitted).

**A. Same Parties and Issues**

The civil claims asserted against defendant in Lebanon arise out of the same events and transactions that gave rise to this litigation. Plaintiff seeks essentially the same relief in both actions, namely the restoration of the money transferred to defendant and his family and the invalidation of the contracts related to the sale of plaintiff's companies. In addition, resolution of this litigation will address and resolve all of the claims asserted against defendant in the Lebanese civil action. Thus, the first element of the three-party inquiry is satisfied as to defendant.

The trial in this matter will not, however, resolve plaintiff's civil claims against Sophie El Khoury and defendant's sisters. Those persons were apparently beyond this Court's reach and not amenable to suit here. While there remains a risk of inconsistent fact-finding, the parties are clearly not the same with regards to Sophie and the sisters and the first element is not satisfied as to them.

**B. Unterweser Factors**

Allowing the civil claims against defendant to proceed simultaneously in Lebanon and this Court would frustrate two policies of this forum by encouraging forum-shopping and raising the very real possibility of inconsistent fact-finding and judgments. The second element is therefore satisfied.

ORDER GRANTING MAROUN EL KHOURY'S
MOTION FOR ANTI-SUIT INJUNCTION - 2

### C. International Comity

Defendant does not seek to enjoin the criminal action that is pending in Lebanon, so that nation's ability to prosecute crimes will not be impinged.  With regards to the civil action against defendant, all of the events of which plaintiff complains occurred in the Western District of Washington, giving this jurisdiction a much greater stake in determining the rights and responsibilities of the parties.  If a judgment is entered in favor of plaintiff, the Lebanese courts will then have a say in whether and how it can be executed on assets held in Lebanon.  In addition, any order directing the cessation of the Lebanese civil action operates in personam on plaintiff and would not be directed to the foreign tribunal.  In these circumstances, the Court finds that the impacts of an injunction on international comity is tolerable.

Plaintiff is essentially hedging his bets, filing the same civil claims against defendant in two different jurisdictions.  If he had filed in another United States District Court, the second action would be transferred and consolidated with the first or, if that option were unavailable, the second action would be stayed pending resolution of the first-filed action.  Regardless of the mechanism, plaintiff should not be permitted to pursue the same claims against the same defendant before two tribunals.  In light of the governing law and in order to avoid the risk of inconsistent judgments, reduce the burden on the parties, and prevent forum-shopping, defendant's motion for anti-suit injunction (Dkt. # 203) is GRANTED.  Plaintiff (and his agents) are hereby ENJOINED from continuing the civil litigation pending in Lebanon against defendant Maroun El Khoury.  Plaintiff shall, as soon as practicable and no later than 5:00 p.m. PDT on May 23, 2014, take all steps necessary to withdraw the claims asserted against defendant in the Lebanese civil action and file in this matter a copy of the order of dismissal or, if the Lebanese court has not yet acknowledged the withdrawal of the civil claims, the papers filed to obtain the dismissal or withdrawal.  Plaintiff must choose – he will not be permitted to proceed with his claims in both jurisdictions.  If he does not provide timely and adequate proof that the Lebanese

ORDER GRANTING MAROUN EL KHOURY'S
MOTION FOR ANTI-SUIT INJUNCTION -  3

1 civil claims against defendant have been abandoned, the Court will strike the trial date in this
2 matter and stay this case on the assumption that plaintiff has chosen to proceed with his claims in
3 Lebanon.

5       This injunction does not apply to or otherwise affect the criminal claims pending
6 against defendant in Lebanon or the civil claims plaintiff has asserted against Sophie El Khoury
7 and defendant's sisters.

9       Dated this 16th day of May, 2014.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING MAROUN EL KHOURY'S
MOTION FOR ANTI-SUIT INJUNCTION - 4