UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ELIAS ILYIA,

          Plaintiff,

     v.

MAROUN EL KHOURY

          Defendant.

Case No. C11-1593L

ORDER DENYING MOTION
FOR ATTORNEY'S FEES

      This matter comes before the Court on "Defendant Dr. El Khoury's Motion for Attorney's Fees and Costs Pursuant to Fed. R. Civ. P. 54(d)(2)." (Dkt. # 295). Defendant seeks an award of $1,754,640 for attorney's fees and $61,811.44 for related nontaxable costs and expenses incurred in defending against plaintiff's claims of fraud, breach of fiduciary duty, undue influence and conversion. Plaintiff's opposition was untimely, and has not been considered.[1]

      Having reviewed the memoranda, declarations and exhibits submitted by the parties, the Court finds as follows:

      Defendant argues that he is entitled to an award of fees and costs under the various

---

[1] Plaintiff's "Motion for Enlargement of Time" (Dkt. # 319) is DENIED.

ORDER DENYING MOTION
FOR ATTORNEY'S FEES

contracts through which he purchased Interplexus and Diagnos-Techs.  The relevant contracts in this case do not, however, provide for the requested attorney's fees.  The Stock Purchase Agreements for the sale of Interplexus and Diagnos-Techs do not contemplate attorney's fees. Dkt. # 21 at 11-20 (Diagnos-Techs Stock Purchase Agreement); Trial Ex. # 33 (Interplexus Stock Purchase Agreement).  Although the Stock Pledge Agreements for both companies contain identical attorney's fees provisions, the provisions do not apply in this case.  The relevant section reads:

> 7. Attorney's Fees and Legal Expenses.  To pay if this Agreement or any obligation secured by it is referred to an attorney for collection or realization, all reasonable expenses, including, but not limited to attorney's fees and actual expenses and costs.

Dkt. # 21 at 53, 60.  The Court interprets the provision to apply in the case of default on payment or a failure to perform under the contract.  Since defendant's attorney's fees do not relate to a default or a failure to perform, the Stock Pledge Agreements are not applicable.  Similarly, the attorney's fees provision in the Promissory Note also provides for fees only after a default.[2] Defendant's motion therefore does not provide a statutory or contractual basis for the Court to award attorney's fees.  Moreover, defendant does not state a recognized ground in equity for an award of attorney's fees.  Thus, under Washington law, defendant's motion for attorney's fees and costs fails.

For all of the foregoing reasons, "Defendant Dr. El Khoury's Motion for Attorney's Fees and Costs Pursuant to Fed. R. Civ. P. 54(d)(2)" is DENIED.

---

[2] "10. ATTORNEY'S FEES AND COSTS: Maker shall pay all costs incurred by Holder in collecting sums due under this Note after a default, including reasonable attorneys' fees, whether or not suit is brought."  Dkt. # 1-7 at 2.

ORDER DENYING MOTION
FOR ATTORNEY'S FEES                    -2-

1         Dated this 14th day of August, 2014.

*MWT S Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION
FOR ATTORNEY'S FEES       -3-